## HINES *v.* SMITH.

### Opinion delivered October 4, 1920.

1. CARRIERS—EJECTION OF PASSENGER—INSTRUCTIONS.—In an action by a passenger for being wrongfully ejected from a train before reaching his destination, instructions that it was defendant company's duty to exercise the highest degree of care to safely transport plaintiff to his destination, and that a passenger must be carried to the end of his journey, and for which he has paid his fare, and must be put down at the usual stopping place at the end of his journey, while abstractly correct, were misleading in a case which involved the rights of a passenger to go to the end of his journey on a particular train which, according to the company's rules, did not stop at his destination.

2. CARRIERS—PASSENGER'S DUTY TO INQUIRE AS TO TRAIN'S STOPS.—It is the duty of a passenger to make inquiry and ascertain whether or not the train upon which he intends to take passage will, under the regulations of the company, stop at the station to which he is destined; but the passenger is not bound to make such inquiry if he is in any way misled by the servants of the carrier.

3. CARRIERS—EJECTION OF PASSENGER—INSTRUCTIONS.——In an action by a passenger for unlawful ejection at an intermediate station from a train which did not stop at his destination, it was error to modify instructions by inserting language which imposed on the defendant the duty of notifying the passenger of the fact that the train did not stop at his destination.

4. CARRIERS—EJECTION OF PASSENGER.—Where a passenger has, by the train auditor's conduct in taking up his ticket, been induced to pass the station where it was customary to change from a through to a local train, the carrier, having wrongfully carried him past such station on the through train, can not eject him before the train reaches his destination, though such train does not, under the carrier's rules, stop at his destination.

5. CARRIERS—EJECTION OF PASSENGER.—If a passenger who is to get off at a certain station to change trains is carried past and offers to pay his fare to a regular station beyond his destination, the train not stopping at his destination, the carrier had no right to eject him.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; reversed.

*E. B. Kinsworthy* and *B. S. Kinsworthy,* for appellant.

1. Appellee's prayer for an instructed verdict should have been sustained, and it was reversible error to

refuse it. Where a person boards a train it is his duty to inform himself whether or not the train, he is on is scheduled to stop at the station where he desires to disembark. 47 Ark. 74; 99 *Id*. 248. The taking up of the ticket by the conductor, or auditor, does not require him to stop the train or land the passenger at his destination, where he has embarked without attempting to learn whether it would stop at his destination. 45 Ark. 256; 47 Id. 74. The ejectment took place because of plaintiff's own misconduct;. and as he had it in his power to prevent the ejection and sue for failure to carry him on to Arkadelphia, a verdict should have been instructed for defendant. 79 Ark. 484. See, also, 54 Ark. 354-7. The evidence shows that plaintiff forced the conductor and auditor to put him off, and he should not recover. He was told, and admits that he was told, that the train would not stop at Donaldson, and that he would have to change cars at Malvern. He knew he would have to get off at Malvern or pay his fare to some point where the train did stop, but he stubbornly refused to get off, and did so to the extent that the conductor and auditor had to take hold of him to eject him, and he alleges that while he was being ejected he offered to pay his fare to Arkadelphia, but the ejection had already taken place before the offer was made. Plaintiff caused his own ejectment by his own wrongful act and can not recover.

2. The court erred in giving instructions 1 and 2 for plaintiff. 93 Ark. 564-573; 94 *Id*. 282-3; 131 *Id*. 121. An instruction which submits only the plaintiff's theory and ignores defendant's theory is erroneous. 95 Ark. 506-9-10; 55 *Id*. 393; 57 *Id*. 203.

3. It was also error to give No. 3 asked by plaintiff. It is the duty of a person when he boards a train to inform himself whether or not the train is scheduled to stop at his destination. 47 Ark. 74; 99 *Id*. 248. Nor does the taking up one's ticket by the conductor require him to stop the train at a place where it is not scheduled to stop. 45 Ark. 256; 47 *Id*. 74.

4.   The court erred in not giving instructions 1, 2 and 3, requested by defendant.

5.   The verdict is excessive, even if plaintiff was wrongfully ejected.   101 Ark. 487; *Ib.* 90; 126 *Id.* 495. See, also, 88 Ark. 282; 85 S. W. 299; 138 *Id.* 216; 95 Atl. 219; 119 Pac. 810.

6.   The argument of counsel was improper and prejudicial.   65 Ark. 619; 80 *Id.* 23, 158; 89 *Id.* 58; 125 *Id.* 314; 70 *Id.* 304; 76 *Id.* 366; 74 *Id.* 210; 63 *Id.* 174; 87 *Id.* 461; 81 *Id.* 25.

*D. D. Glover,* for appellee.

1.   There was no error in the instructions.   There was conflict in the evidence, and there was a case for the jury, and the verdict is conclusive, as there was no error of law.   The cases cited for appellant are not in point.

2.   The verdict is not excessive.   97 Ark. 507; 81 *Id.* 496.   Damages involving humiliation resulting from a wrongful expulsion from a train, accompanied by harsh treatment, must be left mainly to the discretion of a fair-minded jury, and unless the assessment is palpably excessive or unjust and indicates passion or prejudice, it will not be disturbed on appeal.

McCulloch, C. J.   The plaintiff, Henry M. Smith, resides at Donaldson, a station on the line of road of the Missouri Pacific Railroad Company, south of Malvern in Hot Spring County, and when he was discharged from the service of the United States in the aviation corps he took passage at St. Louis on one of the trains operated by the Director General of Railroads on August 4, 1919, en route to his home.   He purchased a ticket from St. Louis to Donaldson and embarked on a passenger train leaving St. Louis at 9:05 o'clock in the morning.   That train goes through to Texas and does not stop at Donaldson.   It is customary for passengers en route to stations south of Little Rock on trains which do not stop, to disembark at Little Rock and take a local train which stops at all stations.

Plaintiff testified that the train auditor on the run from St. Louis to Poplar Bluff punched his ticket and gave it back to him, but that the auditor on the next run from Poplar Bluff south took up his ticket and only gave him a hat check. When the train reached Malvern, the auditor notified plaintiff that he would have to get off and take another train. Plaintiff demurred and finally refused to get off and was ejected by the conductor and the auditor. This is a suit to recover damages alleged to have been sustained by reason of his ejection from the train. The jury awarded the sum of $400.

The train auditor testified that, after leaving Poplar Bluff when he inspected plaintiff's ticket, the plaintiff expressed his preference to get off at Malvern, instead of at Little Rock, and that he did not take up the ticket, but endorsed on it, in pencil, the words "off at Malvern" and gave it back to plaintiff. There is a conflict between the testimony of the plaintiff and the auditor on this point, and the auditor is corroborated by the train conductor who testified that he saw plaintiff get the ticket out of his pocket when he was standing on the platform after his ejection. Plaintiff testified that the auditor returned him his ticket after he had ejected him from the train at Malvern. Plaintiff testified also that when they were about to eject him from the train he offered to pay his fare on to Arkadelphia, and that the auditor and the conductor refused to permit him to do so. He explained that he preferred to get off at Arkadelphia, instead of at Malvern, because it was more convenient to get out to his home from Arkadelphia, which was a regular stop for that train.

The court, over the objection of defendant, gave instructions Nos. 1 and 2, which told the jury, in substance, that if plaintiff purchased a ticket from St. Louis to Donaldson and became a passenger on one of its trains, it became and was the duty of the defendant company to exercise the highest degree of care to safely transport him to his place of destination.

Instruction No. 2 told the jury "that a passenger must not only be carried properly and safely, but he must be carried to the end of his journey for which he has paid his fare, and he must be put down at the usual stopping place at the end of his journey."

These instructions were calculated to mislead the jury and should not have been given. They correctly stated abstract propositions of law with respect to the duty of a carrier, but they had no application to the particular facts of this case, which involved the rights of a passenger to go to the end of a journey on a particular train, which, according to the rules of the company, did not stop at the station to which the passenger was destined. The jury might have concluded from these instructions that the ejection from the train was wrongful merely because plaintiff had a ticket for passage to Donaldson and was entitled to be carried there on that train, regardless of any other question in the case. The law is settled in this State that it is the duty of a passenger to make inquiry and ascertain whether or not the train upon which he intends to take passage will, under the regulations of the company, stop at the station to which he is destined. *St. L., I. M. & S. Ry. Co.* v. *Atchison*, 47 Ark. 74; *C., R. I. & P. Ry. Co.* v. *Clements*, 99 Ark. 248. This rule of law is subject to the qualifications that a passenger is not bound to inquire if he is in any way misled by servants of the carrier. He might be misled by a direct statement of the carrier's servants or by the fact that he is accepted as a passenger on the particular train to which he presents himself for the inspection of his ticket, if there is another train starting from that point to the place of the passenger's destination which he might have taken if he had not been misled by being accepted on another train. It appears from the testimony in this case that none of the trains from St. Louis stop at Donaldson, and it is necessary for a passenger going there to board a local passenger train which starts south from Little Rock. Plaintiff could not therefore have been misled by his being permitted to board the train at

St. Louis, but the real question in the case is whether or not he was misled by the fact, as he claimed, that the auditor took up his ticket after leaving Poplar Bluff, which would have led him to believe that he was entitled to go through to Donaldson after having been carried by the usual place of changing cars.

Again the court erred in modifying instructions Nos. 2 and 3 requested by defendant by inserting language which imposed on the defendant the duty of notifying the passenger of the fact that the train did not stop at his destination. As before stated, the law is that a passenger must inquire for himself, and there is no burden resting upon the carrier to give notice that the train does not stop at a particular station. There was a sharp conflict in the testimony, and the jury might have got the idea from these erroneous instructions that the defendant was liable because its servants failed to notify plaintiff at the commencement of his journey that the train did not stop at Donaldson.

The plaintiff might recover on two theories; one that he was induced by the auditor in taking up his ticket to pass the station of Little Rock where it is customary to change cars. Or he might recover on account of the refusal to permit him to pay his fare and go to Arkadelphia. In either event they had no right to eject him from the train if they wrongfully carried him by the customary place for changing, or if at Malvern he offered to pay his fare on further to a regular stop and was refused permission to do so.

For the errors indicated in the instructions of the court, the judgment is reversed and the cause remanded for a new trial.